FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

98 JUN 10 AM 9: 44
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 1 0 1998

| | | |
|---|---|---|
| CALIPH BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 97-C-0363-NE |
| | ) | |
| PAUL W. GREENE; JACK W. SELDEN; | ) | |
| B. B. HEDRICK, Jr., and JIM COOK, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on April 13, 1998, recommending that this action filed pursuant to 28 U.S.C. § 1331, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983[1] be dismissed pursuant to 28 U.S.C. § 1915A(b) because the claims against defendants Greene, Hedrick, and Cook are barred by the statute of limitations and because defendants Greene and Selden are absolutely immune from suit.  The plaintiff filed objections to the report and recommendation on April 24, 1998.

As the magistrate judge stated in his report and recommendation, plaintiff's cause of action against defendants Greene, Hedrick, and Cook arose on January 17, 1992, and plaintiff therefore had until January 17, 1994, to file a civil rights action under 28 U.S.C. § 1331, *Bivens,* and 42 U.S.C. § 1983.  Plaintiff asserts in his objections that he filed a "motion [pursuant to] 28 U.S.C. [§] 2241, Case No.: 94-N-1444-S, in 1994, before statute of limitations."  This court's records in case number

---

[1] The complaint names both federal and state actors as defendants.

14

CV 94-N-1444-S reveal that plaintiff did, in fact, file a petition, purportedly pursuant to 28 U.S.C. § 2241, on April 20, 1994, in the United States District Court for the Western District of Texas. The action was subsequently transferred to this district, where it was deemed to be a Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255.[2] This petition/motion did not, however, name as respondents any of the individuals named as defendants in this case and thus would not have tolled the statute of limitations as to the present defendants. *See Del Raine v. Carlson*, 826 F.2d 698, 707 (7th Cir. 1987); *McMurry v. Allen*, 688 F.2d 581, 585 (8th Cir. 1982). Moreover, even had the 1994 petition/motion named the present defendants, it is clear that that petition/motion, like the complaint in the present case, was filed **after** the expiration of the statute of limitations, and therefore could not have preserved any civil rights claims. The remainder of plaintiff's objections do not merit discussion.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 9th day of June, 1998.

U. W. CLEMON
UNITED STATES DISTRICT JUDGE

---

[2] The § 2255 motion was denied by this court. Plaintiff appealed to the Eleventh Circuit Court of Appeals, which affirmed the denial of the motion.

2